**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 94-5759

JAMES MCLAUGHLIN, a/k/a Mac,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-94-47)

Submitted: December 12, 1995

Decided: April 24, 1996

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

William P. Robinson, ROBINSON, BANKS & ANDERSON, Nor-
folk, Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Laura M. Everhart, Assistant United States Attorney, Norfolk, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James McLaughlin appeals his conviction and sentence of life incarceration for conspiracy to distribute cocaine. **1** McLaughlin contends that the district court erred by refusing to allow him to withdraw his guilty plea and that his sentence was too severe because the evidence used in determining his sentence was unreliable and false. The information to which McLaughlin pleaded guilty also contained a forfeiture provision under 21 U.S.C. § 853 (1988). Although McLaughlin consented to the forfeiture of drug-related assets in his plea agreement, he seeks to challenge on appeal the sufficiency of the evidence linking certain real property to criminal activity. We find that McLaughlin knowingly and freely waived his right to appeal and the district court did not abuse its discretion in denying his motion to withdraw his guilty plea; consequently, we affirm the order denying McLaughlin's motion to withdraw his guilty plea and dismiss the appeal.

The district court did not abuse its discretion in denying McLaughlin's motion to withdraw his guilty plea. **2** Withdrawal of a guilty plea is not a matter of right.**3** McLaughlin stated at sentencing that he was satisfied with his counsel's actions and that there was no other agreement with the Government other than the plea agreement. McLaughlin's statements under oath at the FED . R. CRIM. P. 11 hearing are presumptively trustworthy and credible affirmations,**4** and McLaughlin makes no showing that those statements were false.

_____

**1** 21 U.S.C. § 846 (1988).
**2** FED. R. CRIM. P. 32(e); United States v. Lambey, 974 F.2d 1389, 1393 (4th Cir. 1992) (in banc).
**3** **United States v. Moore**, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991).
**4** **Blackledge v. Allison**, 431 U.S. 63, 73-74 (1977).

2

Because McLaughlin provides no credible evidence or claim of innocence to support his claim that the Government breached the plea agreement or that he was unduly pressured by his attorney to accept the plea, McLaughlin does not meet his burden of showing a fair and just reason for withdrawing his guilty plea, even if the government would not be prejudiced.**5**

At the FED. R. CRIM. P. 11 colloquy, the district court thoroughly questioned McLaughlin to ensure he was competent to enter a plea and that he understood the nature and consequences of his plea. Specifically, the court inquired into McLaughlin's education, mental health, use of drugs or medication, and whether McLaughlin understood all the rights he was forfeiting by pleading guilty. McLaughlin acknowledged that he understood his rights, consulted with counsel, understood the consequences of his plea, and was freely and voluntarily pleading guilty. The plea agreement will be upheld because McLaughlin made an intelligent and informed decision when he voluntarily pled guilty.**6**

Additionally, the court asked McLaughlin if he understood that he was waiving the right to appeal his sentence. McLaughlin answered, "Yes, ma'am, I do." Further, the court inquired whether he understood that he would not be able to withdraw his plea even if his sentence was more severe than he or his attorney expected. Again, McLaughlin answered, "Yes, ma'am." Because the court fully questioned McLaughlin during the Rule 11 hearing regarding waiving his appellate rights, the waiver of appellate rights is valid and enforceable.**7**

Accordingly, we affirm the district court's order denying McLaughlin's motion to withdraw his guilty plea and dismiss the appeal. We dispense with oral argument because the facts and legal

_____

**5** FED. R. CRIM . P. 32(e); Moore, 931 F.2d at 248.

**6 North Carolina v. Alford**, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).

**7 United States v. Wessells**, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART